## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| **THOMAS LEE WILLIAMS,** | § | |
| **Institutional ID No. 91316-071,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:12-CV-076-BI** |
| **K. EDENFIELD, Warden,** *et al.,* | § | **ECF** |
| | § | |
| **Defendants.** | § | **Assigned to U.S. Magistrate Judge** |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a federal prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 on May 7, 2012 (Doc. 1).  This court treats the complaint as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994).  Plaintiff alleges that officials at FCI Big Spring subjected him to cruel and unusual conditions of confinement as a result of overcrowding. This case was reassigned to the United States magistrate judge on July 27, 2012 (Doc. 10).  Plaintiff indicated his consent to proceed before the United States magistrate judge pursuant to 28 U.S.C. § 636(c) (Doc. 15).

Pursuant to 28 U.S.C. § 1915A, the court has conducted a review of Plaintiff's complaint, as supplemented by Plaintiff's response and supplement to the questionnaire of the court.

### I.   BACKGROUND

In his complaint, as supplemented by his exhibits and his testimony, Plaintiff claims that:

1.      During all times relevant to the claims, Plaintiff was confined to FCI Big Spring in Big Spring, Texas.   Plaintiff arrived at FCI Big Spring on October 17, 2008 and left on January 12, 2011.  Plaintiff is currently confined to FCC Coleman, in Coleman, Florida.

2.       FCI Big Spring is operating at over double the rated capacity for inmates, with only about 30 square feet per prisoner, and one shower and one toilet for every 25 inmates, in violation of applicable policies and regulations.

3.      Inmates have no access to chairs and tables in their living areas, and lockers are stacked to increase space for bunks, posing a danger of falling.

4.      Access to the library and commissary is limited because of overcrowding; the food service is unsanitary as a result of operating over capacity; and the overcrowding has limited access to medical and dental services.

5.      Plaintiff experienced a delay in medical treatment for an infection in his foot. Plaintiff is seeking injunctive and declaratory relief and an award of damages.

## II.   ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.  These provisions thus apply to this prisoner civil rights action.  *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).  A "complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.

*Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed.   *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1).

A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions.  *See  Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears,* 766 F.2d 179 (use of an evidentiary hearing).

"A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state rather than federal officials." *Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999), *overruled on other grounds, Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

The court has reviewed Plaintiff's arguments and claims in his complaint, his testimony at the *Spears* hearing, and his exhibits to determine whether Plaintiff's claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

## A.    Official Capacity Claims

Plaintiff has indicated that he is suing each of the Defendants in his official and individual capacities.  Suits against federal officials under *Bivens* may only be asserted in his or her individual capacity.  *Bivens*, 510 U.S. at 485.  Plaintiff's claims against the Defendants in their official capacities are barred by the doctrine of sovereign immunity.  *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72, 151 L. Ed. 2d 456, 122 S. Ct. 515 (2001) (in which the Supreme Court noted that "the purpose of *Bivens* is to deter individual federal officers from committing

constitutional violations," not to deter a federal agency or the United States). Therefore, to the extent that any such claims are asserted against the Defendants in their official capacities for an award of money damages, such claims lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**B.     Claims Accruing Prior to May 7, 2010**

Plaintiff's allegations apply to his confinement at FCI Big Spring from October 17, 2008 through January 12, 2011.   Plaintiff filed his complaint on May 7, 2012.   The court first addresses Plaintiff's constitutional claims asserted against the Defendants in their personal capacities which accrued prior to May 7, 2010, or two years before filing his complaint.

Even though the defense of limitations is an affirmative defense, which usually must be raised by defendants, the Fifth Circuit has held that the court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915.   *Ali,* 892 F.2d at 440; *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).   "Thus, where it is clear from the face of a complaint filed *in form pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)"   *Gartrell v. Gayler,* 981 F.2d 254, 256 (5th Cir. 1993).   The Supreme Court has noted that a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."   *Jones v. Bock*, 599 U.S. 199, 215 (2007).   Because there is no federal statute of limitations for *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state.   *Brown v. Nationsbank Corp*., 188 F.3d 579, 590 (5th Cir. 1999).   In Texas the relevant statute of limitations is two years.   *See Cooper v. Brookshire*, 70 F.3d 377, 380 n.20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. §

16.003(a).  Plaintiff's factual allegations, accepted as true, demonstrate that his claims related to his

confinement to the holding cell during intake (on or around October 17, 2008) and departure

(January 12, 2010), his foot infection (he first sought treatment on September 19, 2009), and any

claims related to his confinement prior to May 7, 2010, were all barred by the applicable statute of

limitations at the time of the commencement of this civil action.  Each of these claims thus lack an

arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**

as to all Defendants.

C.      **Request for Injunctive Relief**

        Plaintiff asserts that he is seeking injunctive relief in the form of a court order requiring the

Defendants to reduce the prisoner population at FCI Big Spring to 891 prisoners with instructions

to remove excess bunkbeds and discontinue the stacking of lockers, and the provision of 60 square

feet per prisoner.   The transfer of a prisoner out of an institution will often render his claims for

injunctive relief moot.  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. Tex. 2002)**.**  As Plaintiff is no

longer FCI Big Spring, his allegations regarding the conditions of confinement that are not barred

by the applicable limitations period have been rendered moot. Therefore, Plaintiff's claim for

injunctive relief lacks an arguable basis in law or fact and should be **DISMISSED WITH**

**PREJUDICE AS FRIVOLOUS.**

D.      **Remaining Claims Not Barred by Limitations**

        Plaintiff generally alleges that he was subjected to cruel and unusual conditions of

confinement insofar as FCI Big Spring was overcrowded.  He alleges that as a result of such

overcrowding, he was subjected to deliberate indifference to his health and safety and inhumane

conditions.

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods*, 51 F.3d at 583. Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames*, 331 F.3d at 513. Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.,* 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.,* 37 F. 2d 1146, 1150 (5th Cir. 1994). Personal involvement is required for individual liability of each of the individual Defendants. *Conn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Thus, the pleadings must allege that each individual Defendant, through his or her own actions, violated the constitutional rights of the Plaintiff. *Id* Plaintiff's factual allegations, accepted as true, fail to demonstrate any personal involvement by Warden K. Edenfield, Harley G. Lappin, or Eric Holder in the constitutional deprivations claimed. Plaintiff alleges that he spoke with Edenfield on one occasion and that Holder and Lappin were generally aware of the problems of overcrowding, including overcrowding at FCI Big Spring. Plaintiff's allegations of personal involvement by Holder and Lappin are conclusory and his allegation of speaking with Edenfield fails to demonstrate any personal involvement in the alleged constitutional deprivations. Therefore, Plaintiff's claims against Lappin, Holder, and Edenfield, based on their indirect involvement lack an arguable basis in law or fact and should be **DISMISSED WITH PREJUDICE AS FROLOUS**.

Plaintiff alleges that sometime prior to October 28, 2010, he was served food contaminated by rodent feces and thereafter experienced mild stomach craps as a result, for which he did not seek medical treatment.  Plaintiff indicated that he complained and asked that the situation be addressed, and was told that an exterminator would come to the unit every last Thursday of the month, and that the unit had been given proper equipment to deal with any rodent infestation.

"The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).   Prison officials must provide humane conditions of confinement; they must ensure that inmates receive adequate food, clothing, shelter, and medical care and must take reasonable measure to ensure the safety of the inmates. *Farmer*, 511 U.S. 532.  In order to establish a constitutional violation, a prisoner must first demonstrate the objective component of conditions "so serious as to deprive prisoners of the minimal measure of life's necessities"; and, second, the prisoner must establish under a subjective standard that the responsible prison officials acted with deliberate indifference to his conditions of confinement.  *Harper*, 174 F.3d at 720 (citing *Woods*, 51 F.3d at 581).

Plaintiff alleges that FCI Big Spring is overcrowded beyond its rated capacity and that various aspects of prison life have been adversely affected therein. Overcrowding in a prison setting is not itself a violation of the Constitution. *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the  minimal civilized measure of life's necessities. *Id*. at 348.  In order to allege a constitutional violation, Plaintiff must allege and present evidence

that he was denied basic human needs such as food, warmth, or sanitation or was otherwise subjected to cruel and unusual punishment by virtue of the alleged overcrowded conditions to justify monetary relief. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes*, 452 U.S. at 348. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Things such as "[s]hort term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation." *Ramos v. Lamm*, 639 F.2d 559, 685 (D. Colo. 1980).

Plaintiff's allegations, accepted as true, fail to demonstrate any "extreme deprivation" during the relevant period. Moreover, the facts asserted by Plaintiff fail to demonstrate that prison officials acted with deliberate indifference. Although the court has accepted Plaintiff's allegations, it is nevertheless clear that Plaintiff has failed to state a cognizable constitutional claim against any or all of the Defendants for cruel and unusual punishment in the form of unconstitutional conditions of confinement or deliberate indifference to health and safety or medical needs. The court having found no constitutional violation or policy that was the driving force behind a constitutional deprivation, Plaintiff's claims against the Defendants in their supervisory capacities also fail. These claims should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Plaintiff also generally asserts that as a result of overcrowding, services for inmates were limited. Plaintiff fails to assert any constitutional or actual injury as a result of access to services such as use of the law library, commissary purchasing, or educational or vocational programs. Insofar as Plaintiff asserts claims with regard to such services, his allegations accepted as true fail to demonstrate that he was subjected to an extreme deprivation or deliberate indifference. Therefore, any such claims should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

**E.** **Motion to Adopt Evidence**

Plaintiff filed a motion to adopt evidence on October 2, 2012 (Doc. 15), seeking to adopt and incorporate evidence in a separate civil case, in order to show that each Defendant was generally aware of overcrowding at FCI Big Spring.

Prior to conducting the initial review, the court allowed Plaintiff to further expand upon the factual basis of his complaint by questionnaire.  In addition, the court has noted Plaintiff's assertion of Defendants' general awareness of overcrowded conditions at FCI Big Spring.  However, the court finds no basis for incorporating any evidence provided in a separate civil action.  Therefore, Plaintiff's motion should be **DENIED**.

### III.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law,

**IT IS ORDERED THAT:**

1.   Plaintiff's claims against the named Defendants in their individual, official, or supervisory capacities for cruel and unusual punishment in the form of deliberate indifference to health and safety, deliberate indifference to serious medical needs, and unconstitutional conditions of confinement are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**;

2.   Plaintiff's claims for injunctive relief are **DISMISSED WITH PREJUDICE AS FRIVOLOUS**; and

3.   Plaintiff's motion to adopt evidence filed October 2, 2012 (Doc. 15) is **DENIED**.

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).  Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation

to pay any filing fee previously imposed.  *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir.

1997).

Any pending motions are denied.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se*.  Any

attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED**.

DATED this 21st day of December, 2012.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**